UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCUS CHATMAN,

    Petitioner,

v.                                             Case No: 5:22-cv-125-TPB-PRL

WARDEN, FCC COLEMAN –
MEDIUM,

    Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a federal inmate incarcerated at the Coleman Federal Correctional Complex, initiated this civil action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). In 2014, a jury in the United States District Court, Northern District of Florida, found Petitioner guilty of possession of a firearm by a convicted felon. *See United States v. Chatman*, 610 F. App'x 942 (11th Cir. 2015). The district court sentenced Petitioner to a 180-month term of incarceration, and Petitioner sought a direct appeal. As his sole claim on direct appeal, Petitioner argued that the district court erred in sentencing him under § 924(e)'s Armed Career Criminal Act because his prior state conviction of possession of cocaine with intent to sell did not qualify as an ACCA-predicate offense. *Id.* The Eleventh Circuit Court of Appeals rejected Petitioner's argument and affirmed his conviction and

sentence. *Id.* Later, Petitioner filed a 28 U.S.C. § 2255 petition challenging his ACCA sentencing enhancement and arguing that his trial counsel was ineffective for failing to object to the improper sentencing enhancement. *See United States v. Chatman*, No. 1:16-cv-253/MW/GRJ, 2018 WL 795732, at *1 (N.D. Fla. Jan. 16, 2018), *rep. and recommendation adopted*, 2018 WL 797429, at *1 (N.D. Fla. Feb. 8, 2018). The district court denied Petitioner's § 2255 petition (*id.*) and the Eleventh Circuit dismissed Petitioner's appeal for want of prosecution, *Chatman v. United States*, 2018 WL 11394662, at *1 (11th Cir. Apr. 19, 2018). According to the Federal Bureau of Prisons website, Petitioner is set to be released on April 23, 2026.

Here, Petitioner raises two claims for relief. First, he claims he is actually innocent of the felon in possession of a firearm conviction based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 1 at 16-19. Second, he claims his state drug convictions did not qualify as requisite prior convictions for ACCA sentencing purposes, as explained in *Borden v. United States*, 141 S. Ct. 1817 (2021). Doc. 1 at 20-21.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. The Eleventh Circuit has held that 28 U.S.C. § 2241 is unavailable to challenge the validity of a sentence except on very narrow

grounds. *McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017); *Bernard v. FCC Coleman Warden*, 686 F. App'x 730 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). None of those grounds are present here, and thus Petitioner may not proceed under § 2241. *See, e.g.*, *Bedgood v. Warden, FCC Coleman Medium*, 859 F. App'x 471, 473 (11th Cir. 2021) (affirming district court's dismissal of § 2241 petition because § 2255 was an adequate vehicle to test the petitioner's *Rehaif* claim); *see also Spaulding v. United States*, No. 3:21-cv-853-MMH-JRK, 2021 WL 4060308, at *2 (M.D. Fla. Sept. 7, 2021) (finding the petitioner needed to obtain authorization from the Eleventh Circuit and then file his *Borden* claim in successive § 2255). As such, this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of March, 2022.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

Jax-7

C:   Marcus Chatman, #22097-017